# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 511 - 2 | **DATE** | 10/9/2002 |
| **CASE TITLE** | USA vs. Marcel Grant | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Grant's motion to dismiss is denied. (52-1) At this point he remains scheduled to go to trial with certain of his codefendants on November 8, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 11 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/9/2002 | |
| | | courtroom deputy's initials | date mailed notice | |
| SN | | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
     v.                         )   No.  02 CR 511-2
                                )
MARCEL GRANT,                   )
                                )
            Defendant.          )

MEMORANDUM ORDER

Marcel Grant ("Grant"), one of the defendants in this four-defendant superseding indictment, has moved for its dismissal on the ground that its addition of a gun charge against him in Count Three (a charge absent from the original one-count indictment that was based only on a bank robbery[1]) violated the asserted understanding pursuant to which Grant had made a proffer between the return dates of the two indictments. With his motion having been fully briefed, it is ripe for decision.

Essentially the United States' argument in opposition to Grant's motion (much akin to one made in motions relating to plea agreements) partakes of the principles of the civil law of contracts. When the Assistant United States Attorney sent

---

[1] Although the original indictment did not have a separate gun charge under 18 U.S.C. §924(c)(1)(A), it did allege that Grant and what were then his two codefendants had "assaulted and put in jeopardy the lives of bank employees and customers by the use of a dangerous weapon, namely a firearm." But the addition to the superseding indictment has real teeth, for the separate gun count mandates the imposition of a consecutive sentence of at least 5 years (or when the firearm is brandished, as Count Three alleges, a consecutive sentence of at least 7 years).



Grant's attorney a June 13, 2002 letter as to Grant's possible tendering of a proffer, its penultimate paragraph read:

> This letter embodies the entirety of the agreement to make a proffer. No other promise or agreement exists between you or this office regarding the proffer.

That being so, there is no occasion to hold an evidentiary hearing to see whether Grant can better flesh out the asserted governmental promise to see whether he can sustain his essential claim of a breach of contract. Grant's position is that he made his proffer in reliance on an understanding that his cooperation was being solicited "in exchange for the Government's recommendation for a reduced sentence"--and the June 13 letter expressly negates any such understanding. Nor has Grant advanced any contention that any promise was made at the later dates when he gave the proffer (June 13 and June 19)--promises that could arguably have superseded the express caveat quoted above from the government's June 13 letter.

Accordingly Grant's motion is denied. At this point he remains scheduled to go to trial with certain of his codefendants on November 8, 2002.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 9, 2002